United States District Court

For the Northern District of California

1
2
3                UNITED STATES DISTRICT COURT
4              NORTHERN DISTRICT OF CALIFORNIA
5
6
7  DARRELL PERKINS,
8              Petitioner,              No. C 08-4742 PJH (PR)
9     vs.                               **ORDER TO SHOW CAUSE**
10 BEN CURRY, Warden,
11             Respondent.
12 _____/
13        Petitioner, a California prisoner currently incarcerated at the Correctional Training

14 Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

15 He has paid the filing fee.

16        The petition attacks denial of parole, so venue is proper in this district, which is

17 where petitioner is confined.  *See* 28 U.S.C. § 2241(d).

18                           **DISCUSSION**

19 **A.    Standard of Review**

20        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

21 custody pursuant to the judgment of a State court only on the ground that he is in custody

22 in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

23 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

24 heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

25 application for a federal writ of habeas corpus filed by a prisoner who is in state custody

26 pursuant to a judgment of a state court must "specify all the grounds for relief which are

27 available to the petitioner ... and shall set forth in summary form the facts supporting each

28 of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

United States District Court

For the Northern District of California

1   foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts

2   that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes

3   (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which

4   appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon*

5   *v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J.,

6   concurring).

7   **B.    Legal Claims**

8          In 1987 petitioner pled guilty to second degree murder and was sentenced to prison

9   for seventeen years to life.  This petition is directed to a denial of parole on October 31,

10  2007.  As ground for habeas relief, petitioner contends that the denial was not supported by

11  "some evidence," a violation of due process.  This is sufficient to require a response.  *See*

12  *McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002) (due process requires that at least

13  "some evidence" support parole denial).

14                                   **CONCLUSION**

15         For the foregoing reasons and for good cause shown,

16         1.  The clerk shall serve by certified mail a copy of this order and the petition and all

17  attachments thereto on respondent and respondent's attorney, the Attorney General of the

18  State of California.  The clerk also shall serve a copy of this order on petitioner.

19         2.  Respondent shall file with the court and serve on petitioner, within sixty days of

20  the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules

21  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be

22  granted.  Respondent shall file with the answer and serve on petitioner a copy of all

23  portions of the state trial record that have been transcribed previously and that are relevant

24  to a determination of the issues presented by the petition.

25         If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

26  the court and serving it on respondent within thirty days of his receipt of the answer.

27         3.  Respondent may file a motion to dismiss on procedural grounds in lieu of an

28  answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing

Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

   4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

   **IT IS SO ORDERED.**

Dated:  November 4, 2008.                    _____
                                                        PHYLLIS J. HAMILTON
                                                     United States District Judge

G:\PRO-SE\PJH\HC.08\PERKINS4742.OSC.wpd

United States District Court
For the Northern District of California