**FILED**

JAN 22 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL PERKINS,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.

No. C 08-4742 PJH (PR)

**ORDER GRANTING PETITIONER'S MOTION TO PRODUCE; SUPPLEMENTAL ORDER TO SHOW CAUSE**

    This is a habeas case filed pro se by a state prisoner to challenge a denial of parole. Petitioner filed a motion to produce a copy of his plea agreement. It was denied because he did not say why it was relevant in this proceeding; the denial was without prejudice to renewing the motion with an explanation. Petitioner has renewed the motion. It is unopposed.

    In the renewed motion petitioner contends that the assistant district attorney recited that he would serve more than ten, but no more than fifteen, years in prison, and that the sentencing court reiterated this. He has served more than twenty years, so among his arguments is that the Board's refusal to parole him or consider the plea bargain was a violation of his due process rights. *See Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled."); *Brown v. Poole*, 337 F.3d 1155, 1159-61 (9th Cir. 2003) (government breached plea agreement to release defendant in 7 ½ years if she did not violate prison disciplinary rules where defendant remained disciplinary-free and incarcerated for more than 17 years).

In the habeas petition the only ground for relief listed is a "ground one." In the order to show cause the court listed the only issue as being whether there was "some evidence" to support the denial of parole. That is is the main claim, but in the twelve pages of "ground one," petitioner provides the facts for a claim that his plea bargain was breached, and indeed cites *Santobello*. The court concludes that he has adequately pleaded a claim that his plea bargain was breached, and will order respondent to file a supplemental answer on that issue. The motion to require respondent to produce the plea bargain also will be granted.

## CONCLUSION

1. Petitioner's motion for an order to produce the plea bargain (document number 11 on the docket) is **GRANTED**. Respondent shall produce all available evidence of the content of the plea bargain within thirty days of the date this order is entered. Respondent shall provide a copy to petitioner.

2. Respondent shall file with the court and serve on petitioner, within thirty days of the issuance of this order, a supplemental answer showing cause why a writ of habeas corpus should not be granted on petitioner's claim that the plea bargain has been breached. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the supplemental answer.

Respondent may file a motion to dismiss on procedural grounds in lieu of a supplemental answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply or waiver of reply within fifteen days of receipt of any opposition.

**IT IS SO ORDERED.**

Dated: 1/22/10

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\PERKINS4742.RECORD-grant.wpd